# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 14-315

**KENNETH TURNER**

**VERSUS**

**SHOP RITE, INC. d/b/a BLACK GOLD CASINO;**
**GIELEN PROPERTIES, LLC; BLAKE JOSEPH HEBERT;**
**and TIMOTHY JAMES HUTCHINSON**

\*\*\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE**
**FIFTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF ACADIA, NO. 2013-10670 "D"**
**HONORABLE EDWARD RUBIN, JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

**M. Terrance Hoychick**
**141 South Sixth Street**
**Eunice, LA 70535**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Kenneth Turner**

**Thomas J. Solari**
**Lance B. Vinson**
**One Lakeshore Drive, Suite 1750**
**Lake Charles, LA 70629**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
    **Shop Rite, Inc., d/b/a Black Gold Casino;**
    **and Gielen Properties, LLC**

**PAINTER, Judge.**

Plaintiff, Kenneth Turner, appeals the trial court's grant of Defendants' motion for partial summary judgment finding "that the percentage of fault of the intentional tortfeasor must be assigned and applied to reduce plaintiff's recovery as to any defendant found to have been negligent in this case." For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On July 7, 2012, Turner went to the Black Gold Casino (the casino) in Duson, Louisiana accompanied by Connie Credeur. They left the casino at about 12:15 a.m. on July 8, 2012. In the parking lot, Turner went to help Ashley Domingue look for her car keys, which had been thrown into a nearby field by Blake Joseph Hebert, who is alleged to have been intoxicated. While Turner was talking to Domingue, Hebert ran up to him, body slammed him, beat him as he lay on the ground, and bit off the tip of his nose. Hebert's companion, Timothy James Hutchinson, joined him and hit and kicked Turner while he was on the ground. Another bystander intervened before casino security responded to calls for help.

Turner filed this suit against Hebert and Hutchinson. He also filed suit against the casino and Gielen Properties, Ltd., the owner of the building and property which is operating as the casino (the casino defendants). Among other things, Turner prayed that the damages due him not be reduced as against any negligent defendants for the percentage of fault of the intentional tortfeasors. The casino defendants filed a motion for partial summary judgment with regard to whether an allegedly negligent tortfeasor may be ordered to compensate a plaintiff for the full amount of damages where an intentional tortfeasor caused the damages in full or in part.

1

The trial court granted the motion, finding that the percentage of fault of the intentional tortfeasors must be assigned to reduce the recovery from negligent tortfeasors. Plaintiff appeals.

## DISCUSSION

Plaintiff argues that the trial court should have denied the summary judgment based on the holding of *Veazey v. Elmwood Plantation Associates, Ltd.*, 93-2818 (La. 11/30/94), 650 So.2d 712, that negligent tortfeasors should not be allowed to reduce their fault based on the intentional fault of another tortfeasor. This court in *McIntosh v. McElveen*, 04-1041, pp. 12-13 (La.App. 3 Cir. 2/2/05), 893 So.2d 986, 995-96 (emphasis in original), explained as follows:

> In *Morrison v. Kappa Alpha Psi Fraternity*, 31,805 (La.App. 2 Cir. 5/7/99), 738 So.2d 1105, *writs denied*, 99-1607, 99-1622, 99-1668 (La.9/24/99), 747 So.2d 1120, 749 So.2d 634, 635, the second circuit explained its approval of comparing the fault of an intentional tortfeasor with that of negligent parties. The court stated:
>
> > Plaintiffs argue that the trial court erred in allowing the jury to apportion fault to Jessie Magee, an intentional tortfeasor, and in refusing to instruct the jury on fault apportionment as set forth by the supreme court in *Veazey v. Elmwood Plantation Associates Ltd.*, 93-2818 (La.11/30/94), 650 So.2d 712.
> >
> > A divided supreme court in *Veazey*, supra, held that generally, negligent tortfeasors should not be allowed to reduce their fault by the intentional act of another when they had a duty to prevent such intentional conduct. *Veazey* involved the interpretation of La. C.C. art. 2323, Louisiana's comparative fault provision, prior to its overhaul by the legislature in 1996.
> >
> > In the 1996 Extraordinary Legislative Session, the legislature amended Civil Code articles 2323 and 2324 to require that fault be allocated to all persons causing a plaintiff's injuries (La.C.C. art. 2323) and to limit liability of each wrongdoer, with certain exceptions, to their percentage of fault.(La.C.C. art. 2324).
> >
> > In *Keith v. United States Fidelity & Guaranty Company,* 96-2075 (La.05/09/97), 694 So.2d 180, the

supreme court held that the 1996 revision of La.C.C. art. 2323 was procedural and to be applied retroactively.

La. C.C. art. 2323 as amended by Act Three of 1996 provides in part:

> **A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined**, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss.
>
> **B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability. ...**

> Given the clear pronouncement of our supreme court on this issue, we find that the trial court properly instructed the jury to compare the fault of all involved actors.

*Morrison*, 738 So.2d at 1112-13 (footnotes omitted) (emphasis in original).

Even more recently, the Louisiana Supreme Court has removed any remaining doubt that Louisiana Civil Code Article 2323 "clearly requires that the fault of every person responsible for a plaintiff's injuries be compared, whether or not they are parties, regardless of the legal theory of liability asserted against each person." *Dumas v. La. Dept. of Culture, Recreation & Tourism*, 02-563, p. 3 (La.10/15/02), 828 So.2d 530, 537. *See also Ashmore v. Hilton*, 02-816 (La.App. 3 Cir. 12/11/02), 834 So.2d 1131, *writs denied*, 03-746, 03-750 (La.5/9/03), 843 So.2d 401, 402.

3

Plaintiff further points to *Le v. Nitetown, Inc.*, 10-1239 (La.App. 3 Cir. 7/20/11), 72 So.3d 374, in support of his contention that the fault of the intentional tortfeasors should not be allocated to reduce his recovery from any negligent defendant. However, we find *Le* to be distinguishable from the case currently before us.

In *Le*, two bar patrons brought an action against the bar for injuries received from the bar's bouncers. The defendant's conduct was found to be intentional. One of the two patrons was found to be comparatively negligent. This court, pursuant to the provisions of La.Civ.Code art. 2323(C), found that the claim of the comparatively negligent patron could not be reduced by his share of negligence. The court further refused to reduce the recovery of the non-negligent defendant by the share of fault in his injuries which were attributable to his co-plaintiff, who he had not made a defendant. The court stated that:

> It is clear that the legislature intended to carve out a protection for plaintiffs injured by intentional torts, and there is no indication in the article that a completely innocent plaintiff, i.e., one who is not negligent, should not be afforded the same protection as his partially negligent co-plaintiff who was injured by the same tortfeasor.

*Le*, 72 So.3d at 379.

In the case *sub judice*, one non-negligent plaintiff is pursuing a recovery against two parties under an intentional tort theory and against two other defendants under a theory of negligence. Under La.Civ.Code art. 2324, these two sets of parties, because they did not conspire to commit an intentional act, are jointly liable rather than solidarily liable. As such, the joint tortfeasor may not be held liable for more than his portion of the fault. We note that *Le* did not concern joint tortfeasors, and there was no possibility that a double recovery could result from the failure to reduce the recovery by the comparative fault of the intentional tortfeasor. In this case, Plaintiff would potentially be due the full amount of his

4

damages from each set of tortfeasors, resulting in double recovery. Accordingly, we find the reasoning of *Le* to be inapplicable to this case.

Therefore, pursuant to La.Civ.Code art. 2324, we find that the trial court correctly ruled that "the percentage of fault of the intentional tortfeasors must be assigned and applied to reduce plaintiff's recovery as to any defendant found to have been negligent in this case."

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff-Appellant, Kenneth Turner.

**AFFIRMED.**