NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 22-256 consolidated with CA 22-257

ALI KAZAN, ET AL.

VERSUS

RED LION HOTELS CORPORATION, ET AL.

consolidated with

GREAT LAKES INSURANCE SE

VERSUS

RED LION HOTELS CORPORATION, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 263,393 C/W 264,346
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

BILLY H. EZELL

JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and Shannon J. Gremillion, Judges.

APPEALS BY VITTHAL, LLC DISMISSED AS MOOT.

**Sidney Wallis Degan, III**
**James Albert Rowell**
**Travis Louis Bourgeois**
**Jena W. Smith**
**Degan, Blanchard & Nash**
**400 Poydras Street, Suite 2600**
**New Orleans, LA 70130**
**(504) 529-3333**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Great Lakes Insurance SE**

**Kevin R Derham**
**Duplass, Zwain, Bourgeois, Pfister,  Weinstock & Bogart**
**3838 North  Causeway Boulevard, #2900**
**Metairie, LA 70002**
**(504) 832-3700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Great Lakes Insurance SE**

**Brian W. Harrell**
**Attorney at Law**
**5555 Hilton Avenue, # 620**
**Baton Rouge, LA 70808**
**(225) 610-1110**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Great Lakes Insurance SE**

**Charles Eustace Leche**
**Kari M. Rosamond**
**Deutsch Kerrigan LLP**
**755 Magazine Street**
**New Orleans, LA 70130**
**(504) 593-0790**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **Ketan Patel**
     **Vitthal, LLC**

**Bryce Jefferson Denny**
**Attorney At Law**
**209 Polk Street**
**Mansfield, LA 71052**
**(318) 871-5007**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **Ketan Patel**
     **Vitthal, LLC**

Henry Minor Pipes
Catherine Fornias Giarrusso
Pipes, Miles, Beckman
Kelsey L. Meeks
1100 Poydras Street, #1800
New Orleans, LA 70112
(504) 322-7070
COUNSEL FOR DEFENDANTS/APPELLEES:
    Liberty Insurance Company
    Liberty Mutual Fire Insurance Co.

W. Jay Luneau
Luneau Law Firm
5208 Jackson Street Extension, Suite A
Alexandria, LA 71315
(318) 445-6581
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Ali Kazan individually and on behalf of deceased child Lia Kazan
    Ebony Medlin indivdually and on behalf of deceased child Lia Kazan

 Scott J. Chafin, Jr.
Brett P. Fenasci
Gregorio, Chafin, Johnson
9284 Linwood Avenue
Shreveport, LA 71106
(318) 865-8680
COUNSEL FOR PLAINTIFFS/APPELLEE:
    Ali Kazan individually and on behalf of deceased child Lia Kazan
    Ebony Medlin indivdually and on behalf of deceased child Lia Kazan

Christian Brownell Bogart
Duplass, Zwain, Bourgeois, Pfister, Weinstock & Bogart
3838 North Causeway Boulevard, #2900
Metairie, LA 70002
(504) 832-3700
COUNSEL FOR DEFENDANTS/APPELLEES:
    Red Lion Hotels Franchising, Inc.
    Red Lion Hotels Corporation

**EZELL, Judge.**

On April 25, 2022, this court ordered Appellant, Vitthal, LLC (Vitthal), to show cause by brief only, why the appeals should not be dismissed as having been taken from a non-appealable, interlocutory order. For the reasons stated herein, we dismiss the appeals.

The instant case involves a wrongful death and survival action which Plaintiffs-Appellees, Ali Kazan and Ebony Medlin, have filed individually and on behalf of their now-deceased daughter, Lia Kazan, who was abducted/kidnapped from the America's Best Value Inn and ultimately killed. Plaintiffs have sued various defendants, including Vitthal, which owns and operates the America's Best Value Inn, and Great Lakes Insurance SE, Vitthal's liability insurer. The motel's franchisors, Red Lion Hotels Corporation and Red Lion Hotels Franchising, Inc., and their insurers, Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation, were also named as party defendants; however, they have settled with Plaintiffs.

Vitthal filed a motion in limine, seeking to have the trial court require the jury to assess and compare the fault of Anthony Murray, the deceased kidnapper, who is not a party to the lawsuit. A hearing on the motion was held on November 5, 2021, and the trial court denied Vitthal's motion in a written judgment on November 8, 2021. Then, on November 30, 2021, the trial court signed an "Order and Judgment Regarding Proceedings on November 5, 2021", wherein the court confirmed its bench rulings from November 5, 2021, denying Vitthal's motion in limine concerning the comparative fault of Anthony Murray. Also, pursuant to La.Code Civ.P. art. 1915(B), the trial court designated the ruling as a final judgment appropriate for appeal.

Vitthal sought supervisory review of the trial court's November 8, 2021 judgment, and this court ruled on February 22, 2022, as follows:

> **WRIT GRANTED AND MADE PEREMPTORY**. Although Plaintiffs-Respondents, Ali Kazan and Ebony Medlin, maintain that the ruling in *Veazey*, 851 So.2d 943 survives the 1996 amendments to

La.Civ.Code arts. 2323 and 2324, this court has held that the *Veazey* case has been superseded by the 1996 amendments. *See Turner v. Shop Rite, Inc.*, 14-315 (La.App. 3 Cir. 10/1/14), 149 So.3d 427, *writ denied,* 14-2302 (La. 1/23/15), 159 So.3d 1058. Because La.Civ.Code art. 2323, as amended, expressly provides that "[i]n any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined . . . ", we find that the trial court erred when it denied the motion in limine whereby Relator sought to have the jury be allowed to assess and apportion fault to the intentional tortfeasor in the instant case. Therefore, we hereby reverse the trial court and render judgment granting Relator's motion in limine.

*Kazan v. Red Lion Hotels Corp.*, an unpublished opinion bearing docket number 21-751 (La.App. 3 Cir. 2/22/22).

While the matter was pending before this court on supervisory writ, Vitthal sought appeals of the November 30, 2021 ruling. Upon the lodging of the appeals in this court, on April 25, 2022, we issued a rule to show cause why the appeals should not be dismissed as having been taken from a non-appealable, interlocutory ruling.

In Vitthal's response to the rule, it explains that it has pursued the instant appeals only as a precautionary exercise in the event a writ, appeal, or other adverse action regarding this court's February 22, 2022 ruling might be taken by Plaintiffs. Vitthal concludes that since the issue in the instant appeals has been decided by this court, it suggests that these appeals may be appropriate for summary disposition under Rule 2-11.3 of the Uniform Rules—Courts of Appeal.

We find that the discussion of whether the appeals should be dismissed as having been taken from a non-appealable, interlocutory ruling is pretermitted as the issue on appeal is now moot. This court has ruled on the identical issue set forth in the trial court's November 8, 2021 judgment, and thus, all issues in the present appeals have already been decided. Accordingly, we hereby dismiss the appeals as moot.

**APPEALS BY VITTHAL, LLC DISMISSED AS MOOT.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.