NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 22-256 consolidated with CA 22-257

ALI KAZAN, ET AL.

VERSUS

RED LION HOTELS CORPORATION, ET AL.

consolidated with

GREAT LAKES INSURANCE SE

VERSUS

RED LION HOTELS CORPORATION, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 263,393 C/W 264,346
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

BILLY H. EZELL

JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and Shannon J. Gremillion, Judges.


APPEALS BY GREAT LAKES INSURANCE SE DISMISSED AS MOOT.

**Sidney Wallis Degan, III**
**James Albert Rowell**
**Travis Louis Bourgeois**
**Jena W. Smith**
**Degan, Blanchard & Nash**
**400 Poydras Street, Suite 2600**
**New Orleans, LA 70130**
**(504) 529-3333**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Great Lakes Insurance SE**

**Kevin R Derham**
**Duplass, Zwain, Bourgeois, Pfister, Weinstock & Bogart**
**3838 North Causeway Boulevard, #2900**
**Metairie, LA 70002**
**(504) 832-3700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Great Lakes Insurance SE**

**Brian W. Harrell**
**Attorney at Law**
**5555 Hilton Avenue, # 620**
**Baton Rouge, LA 70808**
**(225) 610-1110**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Great Lakes Insurance SE**

**Charles Eustace Leche**
**Kari M. Rosamond**
**Deutsch Kerrigan, LLP**
**755 Magazine Street**
**New Orleans, LA 70130**
**(504) 593-0790**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Ketan Patel**
    **Vitthal, LLC**

**Bryce Jefferson Denny**
**Attorney At Law**
**209 Polk Street**
**Mansfield, LA 71052**
**(318) 871-5007**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Ketan Patel**
    **Vitthal, LLC**

**Henry Minor Pipes**
**Catherine Fornias Giarrusso**
**Kelsey L. Meeks**
**Pipes, Miles, Beckman, LLC**
**1100 Poydras Street., #1800**
**New Orleans, LA 70112**
**(504) 322-7070**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
      **Liberty Insurance Company**
      **Liberty Mutual Fire Insurance Co.**


**W. Jay Luneau**
**Luneau Law Firm**
**5208 Jackson Street  Extension,  Suite A**
**Alexandria, LA 71315**
**(318) 445-6581**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
      **Ali Kazan individually and on behalf of deceased child Lia Kazan**
      **Ebony Medlin individually and on behalf of deceased child Lia Kaza**


**Scott J. Chafin, Jr.**
**Brett P. Fenasci**
**Gregorio, Chafin, Johnson, Tabor & Fenasci, LLC**
**9284 Linwood Avenue**
**Shreveport, LA 71106**
**(318) 865-8680**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
      **Ali Kazan individually and on behalf of deceased child Lia Kazan**
      **Ebony Medlin individually and on behalf of deceased child Lia Kaza**


**Christian Brownell Bogart**
**Duplass, Zwain, Bourgeois, Pfister, Weinstock & Bogart**
**3838 North Causeway Boulevard, #2900**
**Metairie, LA 70002**
**(504) 832-3700**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
      **Red Lion Hotels Franchising, Inc.**
      **Red Lion Hotels Corporation**

**EZELL, Judge.**

On April 25, 2022, this court ordered Appellant, Great Lakes Insurance SE (Great Lakes), to show cause by brief only, why the appeals should not be dismissed as having been taken from a non-appealable, interlocutory order. For the reasons stated herein, we dismiss the appeals.

The instant case involves a wrongful death and survival action which Plaintiffs-Appellees, Ali Kazan and Ebony Medlin, have filed individually and on behalf of their now-deceased daughter, Lia Kazan, who was abducted/kidnapped from the America's Best Value Inn and ultimately killed. Plaintiffs have sued various defendants, including Vitthal, LLC, which owns and operates the America's Best Value Inn, and Great Lakes, Vitthal's liability insurer. The motel's franchisors, Red Lion Hotels Corporation and Red Lion Hotels Franchising, Inc., and their insurers, Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation, were also named as party defendants; however, they have settled with Plaintiffs.

Great Lakes filed a motion in limine, seeking to have the trial court require the jury to assess and compare the fault of all parties, including Anthony Murray, the deceased kidnapper, who is not a party to the lawsuit. A hearing on the motion was held on November 5, 2021, and the trial court denied Great Lakes' motion in a written judgment on November 8, 2021. Then, on November 30, 2021, the trial court signed an "Order and Judgment Regarding Proceedings on November 5, 2021", wherein the court confirmed its bench rulings from November 5, 2021, denying Great Lakes' motion in limine concerning the comparative fault issue. Also, pursuant to La.Code Civ.P. art. 1915(B), the trial court designated the ruling as a final judgment appropriate for appeal.

Great Lakes sought supervisory review of the trial court's November 8, 2021, judgment, and this court ruled on February 22, 2022, as follows:

**WRIT GRANTED AND MADE PEREMPTORY**.  Although Plaintiffs-Respondents, Ali Kazan and Ebony Medlin, maintain that the ruling in *Veazey*, 851 So.2d 943 survives the 1996 amendments to La.Civ.Code arts. 2323 and 2324, this court has held that the *Veazey* case has been superseded by the 1996 amendments.  *See Turner v. Shop Rite, Inc.*, 14-315 (La.App. 3 Cir. 10/1/14), 149 So.3d 427, *writ denied,* 14-2302 (La. 1/23/15), 159 So.3d 1058.  Because La.Civ.Code art. 2323, as amended, expressly provides that "[i]n any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined . . . ", we find that the trial court erred when it denied the motion in limine whereby Relator sought to have the jury be allowed to assess and apportion fault to the intentional tortfeasor in the instant case.  Therefore, we hereby reverse the trial court and render judgment granting Relator's motion in limine.

*Kazan v. Red Lion Hotels Corp.*, an unpublished opinion bearing docket number 21-751 (La.App. 3 Cir. 2/22/22).

While the matter was pending before this court on supervisory writ, Great Lakes sought appeals of the November 30, 2021 ruling.  Upon the lodging of the appeals in this court, on April 25, 2022, we issued a rule to show cause why the appeals should not be dismissed as having been taken from a non-appealable, interlocutory ruling.

In Great Lakes' response to the rule, it explains that when the trial court subsequently entered an identical second judgment and then designated it as a final judgment, Great Lakes was compelled to file appeals from the second judgment.  Great Lakes adds that had the second judgment become final through the failure to take an appeal, its writ application would have been obviated, and no party could thereafter have challenged the November 8, 2021 rulings as an interlocutory ruling, or the November 30, 2021 rulings as a final judgment.  Great Lakes stated that the exigencies of the situation required both a supervisory writ and an appeal to preserve the parties' rights to appellate review.  Great Lakes concludes that this court should summarily enter a judgment reversing the trial court's final judgment of November 30, 2021, for the same reasons set forth by this court in its February 22, 2022, ruling.

We find that the discussion of whether the appeals should be dismissed as having been taken from a non-appealable, interlocutory ruling is pretermitted as the issue on

2

appeal is now moot. This court has ruled on the identical issue set forth in the trial court's November 8, 2021 judgment, and thus, all issues in the present appeals have already been decided. Accordingly, we hereby dismiss the appeals as moot.

**APPEALS BY GREAT LAKES INSURANCE SE DISMISSED AS MOOT.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.